UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
STANLEY VISARIS BALZEKAS IV, On Behalf of
Himself and All Others Similarly Situated,                    Case No.:

                Plaintiffs,
                                                              **CLASS ACTION**
       -vs.-                                   **COMPLAINT**
                                                              **WITH JURY DEMAND**
BOXART INC., and DENNIS FISHER,

                Defendants.
-------------------------------------------------------------------X

Plaintiff STANLEY VISARIS BALZEKAS IV ("Mr. Balzekas") on behalf of himself and all others similarly situated (collectively "Rule 23 Plaintiffs"), by and through their attorneys, THE LAW OFFICES OF WILLIAM CAFARO, as and for their Complaint against BOXART INC. ("BoxArt") and DENNIS FISHER ("Fisher") (together "Defendants") allege upon knowledge as to herself and her own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

1. This is a civil action for damages and equitable relief based upon Defendants' flagrant and willful violations of Plaintiffs' rights guaranteed to them by: (1) the anti-retaliation provision of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§215; (2) the anti-retaliation provision of the New York Labor Law ("NYLL"), §§ 215; (iii) the frequency of payment for manual workers provisions of New York Labor Law § 190, et seq.; and (iv) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiffs worked for Defendants, a company that builds shipping crates for art collections, as manual workers.

1

3.      Throughout the statutory period Defendants failed to pay the Plaintiffs on a weekly basis as required under the NYLL.

4.      Defendants paid and treated all their laborers in a similar manner.

5.      Plaintiff brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of himself, individually, and on behalf of all other persons similarly situated during the applicable NYLL limitations period who suffered damages as a result of the Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

6.      Jurisdiction is based upon 28 U.S.C. §§ 1331 1343, insofar as it involves statutes of the United States, specifically, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*.

7.      Plaintiffs further invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367, which confers supplemental jurisdiction on this Court for claims arising under New York law.

8.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(1) as at least one of the Defendants resides in this judicial district.

## PARTIES

9.      At all relevant times herein relevant, Mr. Balzekas is a resident of the State of New York and resides in Kings County.

10.     At all times herein relevant, Mr. Balzekas was an "employee" within the meaning of NYLL § 190(2), and a "manual worker" within the meaning of NYLL § 190(4).

11. At all times herein relevant, Plaintiff Balzekas was an "employee" entitled to protection as defined by the FLSA and the NYLL.

12. Upon information and belief, at all relevant times herein, BoxArt was and is a domestic business corporation created under the laws of the state of New York.

13. Upon information and belief, at all relevant times herein, BoxArt has its principal place of business located at 79 N. 5th Street, Brooklyn, NY 11249.

14. At all relevant times herein, BoxArt was an "employer" of the Plaintiffs within the meaning of the FLSA and the NYLL.

15. Upon information and belief, for the calendar year 2021 BoxArt's gross receipts were not less than $500,000.00.

16. Upon information and belief, for the calendar year 2022 BoxArt's gross receipts were not less than $500,000.00.

17. Upon information and belief, for the calendar year 2023 BoxArt's gross receipts were not less than $500,000.00.

18. Upon information and belief, for the calendar year 2024 BoxArt's gross receipts will not be less than $500,000.00.

19. Defendants were engaged in interstate commerce within the meaning of the FLSA as it used supplies in the course of business which originated in states other than New York, the combination of which subject Defendant to the FLSA's anti-retaliation requirements as an enterprise.

20. Furthermore, the Defendants' employees, including Plaintiff and the Rule 23 Plaintiffs, were individually engaged in interstate commerce as they frequently used goods that have been, and continue to be, moved in interstate commerce. These goods include, but are not

limited to wood, saws, drills, and forklifts. This independently subjects Defendants to the anti-retaliation requirements of the FLSA with respect to Plaintiff.

21. At all relevant times herein, Defendant Fisher was a resident of the State of New York and has an actual place of business located at 79 N. 5th Street, Brooklyn, NY 11249.

22. At all relevant times herein, Defendant Fisher was the president, and/or owner, and/or day-to-day overseer of BoxArt.

23. At all times herein pertinent Defendant Fisher had the authority to hire, fire, discipline, supervise, and direct the Plaintiff, and administer the terms, conditions and privileges of his employment.

24. Defendants, and each of them, were employers of the Plaintiff within the meaning of the FLSA and the NYLL.

## RULE 23 CLASS ALLEGATIONS

25. In addition, Plaintiffs seek to maintain this action as a class action pursuant to Federal Rule of Civil Procedure" ("FRCP") 23(b)(3), on their own behalf, individually, as well on behalf of those who are similarly-situated who the Defendant subjected to violations of the NYLL and the NYCCRR during the applicable statutory period.

26. Under FRCP 23(b)(3), a plaintiff must plead that:

    a. The class is so numerous that joinder is impracticable;

    b. There are questions of law or fact common to the class that

       predominate over any individual questions of law or fact;

    c. Claims or defenses of the representative are typical of the class;

    d. The representative will fairly and adequately protect the class; and,

e. A class action is superior to other methods of adjudication.

27. The Rule 23 Class that Plaintiffs seek to define includes:

Current and former employees of Defendants who, during the applicable NYLL limitations period, performed work as laborers, or similarly situated employees regardless of job title, in the City of New York ("Rule 23 Plaintiffs").

## Numerosity

28. During the previous six years, Defendants have employed, in total, at least fifty employees that are putative members of this class.

## Common Questions of Law and/or Fact

29. There are common questions of law and fact that govern the claims of each and every Rule 23 Plaintiff, including but not limited to the following: the duties that the Defendants required and require each Rule 23 Plaintiff to perform; whether Defendants paid the Rule 23 Plaintiffs on a weekly basis and not later than seven calendar days after the end of the week in which the wages were earned; whether the Defendants kept and maintained records with respect to each hour that the Rule 23 Plaintiffs worked; whether the Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs; whether the Defendants maintain any affirmative defenses with respect to the Rule 23 Plaintiffs' claims; whether the Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and supporting regulations; if so, whether the Defendants' violations were in willful violation of the NYLL and supporting regulations; and if so, what constitutes the proper measure of damages

### **Typicality of Claims and/or Defenses**

30. As described in the background facts section below, Defendants, despite the title that it assigned to Plaintiffs, employed Plaintiffs as non-managerial, "manual workers" who Defendants failed to pay on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned. Plaintiffs and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to be paid on a weekly basis. Plaintiffs and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and supporting regulations. Plaintiffs and the Rule 23 Plaintiffs have all suffered injury, including lack of compensation or under-compensation, due to Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiffs' claims and/ or the Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendants' defenses to those claims.

### **Adequacy**

31. Plaintiffs, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout their employment with Defendants. The Defendants paid Plaintiffs every two weeks, which is substantially-similar to how the Defendants paid the Rule 23 Plaintiffs. Plaintiffs fully anticipate testifying under oath as to all of the matters raised in this Complaint and that will be raised in the Defendants' Answer. Thus, Plaintiffs would properly and adequately represent the current and former employees whom the Defendants have subjected to the treatment alleged herein.

**Superiority**

32. Plaintiffs have no, or few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendants treated Plaintiffs identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

33. Any lawsuit brought by an employee of the Defendants for the same violations alleged herein would be identical to a suit brought by any other employee for the same violations. Thus, separate litigation would risk inconsistent results.

34. Accordingly, this means of protecting the Rule 23 Plaintiffs' rights is superior to any other method, and this matter is properly maintainable as a Class Action under FRCP 23(b)(3).

35. Additionally, Plaintiffs' counsel has substantial experience in this field of law.

**BACKGROUND FACTS**

36. Defendants own and operate a company that builds shipping crates for art collections.

37. From six years prior to the commencement of this action Defendants employed laborers throughout New York City.

38. Upon information and belief, laborers are not required to have any formal education.

39. Mr. Balzekas worked for Defendants from on or about June 1, 2019 until September 10, 2024.

40. Throughout his employment, Mr. Balzekas worked for the Defendants as a laborer. In that role, Mr. Balzekas like all laborers were responsible for creating large shipping crates for Defendants' customers to ship their artwork.

41. Throughout their employment, Plaintiff and the Class Members spent more than twenty-five percent of their hours worked each week performing physical -- and therefore manual -- tasks.

42. Upon information and belief, Plaintiff, like all other laborers, spent 5-8 hours per workday using tools to create large shipping crates.

43. Throughout the statutory time period, Plaintiff and other laborers regularly performed manual tasks during the majority of their hours worked.

44. Throughout the statutory period to the present, Defendants paid Plaintiff and other laborers by check every two weeks.

45. As a result of the previous paragraph, Defendants withheld wages due and owing to the Plaintiff and Class Members on a biweekly basis.

46. Due to the Defendants withholding the wages due and owing to the Plaintiff and Class Members, Defendants deprived the Plaintiff and Class Members of use of those funds. Upon information and belief, this includes, but is not limited to, using the funds to buy groceries, pay rent, and/or make mortgage payments. Furthermore, as a result of the Defendants depriving Plaintiffs and Class Members of these wages, Plaintiffs and Class Members were deprived of interest income which would have accrued in their various bank accounts.

47. Thus, throughout the statutory period Defendants failed to timely pay Plaintiff and other laborers their wages earned on a weekly basis and not later than seven calendar days after the end of the week in which the wages were earned, in violation of the NYLL.

48. Defendants both treated and paid Mr. Balzekas and the Class Members in a similar manner.

49. Throughout his employment, Defendants required Mr. Balzekas to work Monday through Friday from 10:00AM until 6:00PM and two Saturdays per month from 10:00AM until 2:00PM.

50. Throughout his employment with the Defendants, they paid Mr. Balzekas $23.00-$30.00 per hour.

51. Throughout the statutory period, Defendants paid Mr. Balzekas every two weeks.

52. Defendants acted in the manner described herein so as to maximize their profits while minimizing his labor costs.

53. Every hour that Plaintiffs worked was for Defendants' benefit.

54. Defendants treated Rule 23 Plaintiffs in the manner described above.

55. On or about August 22, 2023, Mr. Balzekas sent an email to the Defendants complaining that his and the Rule 23 Class Members' wages did not keep up with the cost of living; that the inadequate wages regularly forced them to choose between medicine, food, and rent; that the workers live paycheck to paycheck; that Defendants failed to pay for OSHA training; that Plaintiff and Class Members; work put them at risk for impact wounds and other injuries; and that Defendants pay practices did not comply with New York law because the Defendants paid Plaintiff and the Class Members every two weeks instead of weekly.

56. The day after Mr. Balzekas sent this email, Defendant Fisher pushed Mr. Balzekas down a flight of stairs in front of other Rule 23 Class Members while yelling at Mr. Balzekas about the aforementioned email.

57. Defendant Fisher assaulted Mr. Balzekas because he sent the aforementioned email complaining of Defendants violations of Federal and State Law.

58. As a result of the above assault, Mr. Balzekas was required to seek medical intervention and could not work for several days.

59. Despite being assaulted by the Defendants, Mr. Balzekas continued to advocate for better treatment himself and the Rule 23 Class Members. To that end, he routinely requested the Defendants conduct employee reviews and give raises to himself and the Rule 23 Class Members.

60. In furtherance of his advocacy work, Mr. Balzekas found that female employees were paid $1.00-$5.00 ***less per hour*** than their similarly situated male comparators for doing the same work.

61. In or about the week of September 2, 2024, Mr. Balzekas complained to Defendants' Facilities Manager, Defendants' Director, and Defendant Fisher about Defendants' failure to pay women the same as men for doing the same work. In response to Mr. Balzekas making these complaints, he was informed that Defendants were sick of him complaining on how they run their business and terminated Mr. Balzekas.

62. Defendants terminated Plaintiff on or about September 10, 2024.

63. Less than a month after Mr. Balzekas complained of Defendants failure to pay female employees the same as men, Defendants terminated Mr. Balzekas.

64. Defendants terminated Mr. Balzekas to retaliate against him for complaining of Defendants' illegal practice of paying women less than men.

65. Defendant Fisher assaulted Mr. Balzekas to retaliate against him for complaining of Defendants' illegal pay practices.

66. Defendants knew of the retaliatory conduct and failed to take immediate and appropriate corrective action.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
*Retaliation in Violation of the FLSA*

67. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

68. 29 U.S.C. § 215(a)(3) prohibits employers from discharging or in any other manner discriminating against an employee because such employee has filed any complaint relating to an employer's violation of the FLSA.

69. As described above, Defendants are employers within the meaning of the FLSA while Plaintiff is an employee within the meaning of the FLSA.

70. As also described above, Defendants retaliated against Plaintiff for engaging in protected activity under the FLSA.

71. Due to Defendants' violation of the FLSA's anti-retaliation provisions, Plaintiff is entitled to compensatory damages, back pay, front pay, employee benefits Plaintiff would have otherwise received, damages for emotional pain, suffering, humiliation and embarrassment, punitive damages, liquidated damages, attorneys' fees, and costs.

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Retaliation in Violation of the NYLL*

72. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

73. Section 215 of the NYLL prohibits employers from retaliating against an employee because an employee has made a complaint relating to improper payment of wages under the NYLL and/or for engaging in protected activity under the NYLL.

74. As described above, Defendants are employers within the meaning of the NYLL while Plaintiff is an employee within the meaning of the NYLL.

75. As also described above, Defendants retaliated against Plaintiff for engaging in protected activity under the NYLL.

76. Due to Defendants' violation of the NYLL's anti-retaliation provisions, Plaintiff is entitled to compensatory damages, back pay, front pay, employee benefits Plaintiff would have otherwise received, damages for emotional pain, suffering, humiliation and embarrassment, punitive damages, liquidated damages, attorneys' fees, costs and interest as permitted by law.

77. At or before the filing of this Complaint, Plaintiff has served notice of the action upon the Office of the New York State Attorney General.

### ***THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS***
*Failure to Timely Pay Wages*

78. Plaintiffs and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

79. From six years prior to the commencement of this action until the present, Plaintiff and the Rule 23 Class were employed as manual workers or workingmen, as defined by the NYLL.

80. NYLL § 191 requires that employers pay wages to their employees on a weekly basis and "not later than seven calendar days after the end of the week in which the wages were earned."

81. From six years prior to the commencement of this action until the present, Defendants failed to pay Plaintiff and the Rule 23 Plaintiffs their wages earned on a weekly basis and not later than seven calendar days after the end of the week in which the wages were earned, in violation NYLL § 191.

82. Defendants' violations of the NYLL have been willful and intentional.

83. Due to Defendants' violations of the NYLL, Plaintiff and Rule 23 Plaintiffs are entitled to statutory damages equal to the total amount of the delayed wages, attorneys' fees and costs of this action.

## DEMAND FOR A JURY TRIAL

84. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against the Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants and their agents, employees, representatives, and any and all persons acting in concert with him, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against any individual for participating in any form in this lawsuit;

d. Certification of the claims brought in this case under the NYLL as a class action pursuant to FRCP 23;

e. All damages that Plaintiffs and Rule 23 Plaintiffs have sustained as a result of the Defendants' conduct, including all unpaid wages and any short fall between wages paid and those

due under the law that Plaintiffs would have received but for the Defendants' unlawful payment practices;

  f.  Declaring Defendants' violations of the FLSA and NYLL were willful;

  g.  Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

  h.  Awarding future income to Plaintiff in an amount to be proven at trial, representing all loss of future earnings, including reasonable and expected increases, loss of retirement income, and all other benefits he would have expected to earn during his entire lifetime had it not been for Defendants' unlawful discrimination;

  i.  Awarding damages to the Plaintiff to make him whole for any losses suffered as a result of such unlawful employment practices;

  j.  Awarding Plaintiff compensatory damages for mental and emotional distress, pain and suffering as well as injury to his reputation in an amount to be proven at trial;

  k.  Awarding Plaintiff and Rule 23 Plaintiffs their costs and disbursements incurred regarding this action, including reasonable attorneys' fees, expert witness fees, and other costs;

  l.  Designation of Plaintiffs and their counsel as class action representatives under the FRCP;

  m.  Awarding punitive damages;

  n.  Pre-judgment and post-judgment interest, as provided by law;

  o.  Awarding such other and further relief as available under the statues; and

  p.  Granting Plaintiffs other and further relief as this Court finds necessary and proper.

Dated: New York, New York
    October 15, 2024

                Respectfully submitted,
                LAW OFFICES OF WILLIAM CAFARO

_____
By: Amit Kumar, Esq.
*Attorneys for the Named Plaintiff as Well as the Putative Class*
108 West 39th Street, Suite 602
New York, New York 10018
(212) 583-7400
AKumar@CafaroEsq.com

15